UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY L.,[1] | : | Case No.  2:24-cv-3756 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Michael Anthony L. brings this case before the Court challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits (DIB). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. #6).

**I.     Background**

The Social Security Administration provides DIB to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

"substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on July 12, 2022, alleging disability commencing June 10, 2020, due to several impairments, including PTSD, anxiety, panic attacks, anger issues, lumbar spine injury, disc issue, PARS fracture, cervical spine injury, TBI, migraines, memory issues, chronic exertional compartment syndrome, right foot drop, GERD, hiatal hernia, left knee injury, plantar fasciitis in both feet, tinnitus, ringing in ears, and right ankle tendonitis. (Doc. #6-6, *PageID* #317). After Plaintiff's application was denied initially and upon reconsideration, he requested and received three telephone hearings before Administrative Law Judge (ALJ) Jason Tepley on May 26, 2023, November 8, 2023, and March 4, 2024. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1420. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of June 10, 2020, through his date last insured of December 31, 2021. |
| Step 2: | Through the date last insured, he had the following severe impairments: post-traumatic stress disorder (PTSD), anxiety disorder, lumbar degenerative disc disease; right foot drop status-post compartment syndrome and fasciotomies; status-post left knee anterior cruciate ligament (ACL) reconstruction and osteoarthritis. |
| Step 3: | Through the date last insured, he did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Through the date last insured, his residual functional capacity, or the most he could have done despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted |

        of "sedentary work . . . with the following additional limitations: [Plaintiff] can occasionally push and/or pull with the bilateral lower extremities. [He] can occasionally climb ramps and stairs, occasionally stoop, occasionally crouch, but can never no crawl. [Plaintiff] can never climb ladders, ropes, or scaffolds. [He] can have no exposure to unprotected heights or moving mechanical parts and can perform no commercial driving. [He] can understand, remember, and carry out simple instructions. [Plaintiff] can occasionally interact with coworkers and supervisors but can never interact with the general public. [He] can deal with occasional changes in a routine work setting explained in advance. [Plaintiff] can make simple work-related decisions. [He] is limited to work that does not require satisfaction of production quotas or that involves assembly line pace."

        Through the date last insured, he was unable to perform any past relevant work.

Step 5:    Through the date last insured, considering his age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Doc. #6-2, *PageID* #s 39-50). Based on these findings, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from June 10, 2020, the alleged onset date, through December 31, 2021, the date last insured. *Id.* at 50.

    The evidence of record is adequately summarized in the ALJ's decision (Doc. #6-2, *PageID* #s 36-51), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

    Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.  Discussion**

Plaintiff contends that substantial evidence does not support the ALJ's decision because the vocational experts testified that all work would be precluded if Plaintiff could not interact with coworkers, if Plaintiff was limited to sit, stand, and walk for a combined six hours a day, or if Plaintiff could not interact with other people two-thirds of a workday during a training period. (Doc. #8, *PageID* #s 773-74). Additionally, Plaintiff argues that the ALJ failed to properly apply the criteria of Social Security Ruling 16-3p when he found that the effect of the combination of Plaintiff's symptoms, including pain, allowed him to engage in work on a full-time and sustained

basis. *Id*. at 765-71. Finally, Plaintiff contends that the ALJ's finding that Plaintiff could engage in substantial gainful activity was not supported by substantial evidence because sedentary work involves a greater level of standing and walking than Plaintiff could perform. *Id.* at 771-74.

In response, the Commissioner maintains that the ALJ's residual functional capacity is supported by substantial evidence including the objective medical evidence, Plaintiff's treatment history, the opinion of impartial medical expert Michael Lace, Psy.D., and Plaintiff's reported activities. (Doc. #10, *PageID* #s 788-92). Furthermore, the Commissioner argues that the ALJ reasonably concluded that Plaintiff's pain did not limit his capacity for work as much as he alleged. *Id*. at 783-88.

### A. Vocational Expert Testimony

As noted previously, ALJ Tepley formulated an RFC that allowed Plaintiff to "occasionally interact with coworkers and supervisors but … never interact with the general public." (Doc. #6-2, *PageID* #42).

Additionally, during the May 26, 2023 hearing, ALJ Tepley posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations. (Doc. #6-2, *PageID* #s 117-19). In response to the first hypothetical posed by the ALJ, the vocational expert was able to identify a significant number of jobs that would be available in the national economy for an individual with the specified limitations. *Id.*

Similarly, during the March 4, 2024 hearing, ALJ Tepley posed a nearly identical series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an

individual with certain hypothetical limitations. (Doc. #6-2, *PageID* #s 70-73). Once again, the vocational expert was able to identify a significant number of jobs that would be available in the national economy for an individual with the specified limitations in response to the ALJ's first hypothetical. *Id.* ALJ Tepley's first hypothetical to the vocational expert in both hearings is consistent with the ALJ's above RFC. (Doc. #6-2, *PageID* #42); *compare* (Doc. #6-2 *PageID* #s 117-18); (Doc. #6-2, *PageID* #s 70-71).

Plaintiff challenges the ALJ's rejection of the following exchanges that occurred between Plaintiff's counsel and the vocational expert, first at the May 26, 2023 hearing:

> [Plaintiff's Counsel:] The jobs that you named, they were all SVP 2, right?
>
> [Vocational Expert:] Correct.
>
> [Plaintiff's Counsel:] So they all involve a training period beyond just a short demonstration and as much as 30 days to learn; is that correct?
>
> [Vocational Expert:] That is correct.
>
> [Plaintiff's Counsel:] If during that training period, a hypothetical individual would be unable to interact with coworkers or supervisors for at least two-thirds of the workday, they wouldn't be able to be trained for those jobs; is that correct?
>
> [Vocational Expert:] I'm going to rely on my education, training, and experience. That is correct in my opinion.

(Doc. #6-2, *PageID* #121).

Plaintiff's counsel advanced a similar line of questioning at the March 4, 2024 hearing:

> [Plaintiff's Counsel:] [T]he jobs that you identified in response to the judge's first hypothetical were all SVP 2, right?
>
> [Vocational Expert:] Correct.

6

[Plaintiff's Counsel:] And by definition it means that they involve training that goes beyond just a short demonstration and take up to 30 days to learn, right?

[Vocational Expert:] Yes, correct.

[Plaintiff's Counsel:] Okay. If somebody was going to be unable to interact with their co-workers and supervisors, at least 2/3 of the workday during their training period, they wouldn't be able to be trained for the jobs you identified, correct?

[Vocational Expert:] I would agree if they cannot. And you're saying for 2/3 of the workday they are unable to?

…

[Vocational Expert:] I would agree that they need to be able to interact with their trainers at least – at the very least to learn the position.

[Plaintiff's Counsel:] Okay. And during the training period they need to be able to interact for at least a third of the workday then; you'd agree with that? Just during the training period?

[Vocational Expert:] I would agree that they – yes.

(Doc. #6-2, *PageID* #s 75-76).

Plaintiff argues that "failing to adopt the testimony of the vocational witnesses when asked questions regarding Plaintiff's acknowledged limitations established that the ALJ's conclusion that Plaintiff was not disabled was not supported by substantial evidence." (Doc. #8, *PageID* #774).

Plaintiff's argument is well taken. In his decision, ALJ Tepley concludes that there are jobs existing in significant numbers in the national economy that Plaintiff can perform and bases this conclusion, in part, on the vocational expert's testimony. (Doc. #6-2, *PageID* #s 49-50). In reaching this conclusion, however, ALJ Tepley found Plaintiff's argument that "limitation to occasional interaction would preclude all competitive work, as job training requires at least frequent interaction with a trainer to learn the job" unpersuasive as "training periods are not

7

considered when determining the ability to perform other work at step five of the sequential evaluation." *Id*. at 50. Additionally, the ALJ found a training period to be "essentially a hiring practice and/or whether [Plaintiff] would be hired – neither of which are relevant to a disability determination under the Social Security Act at step five of the sequential evaluation." *Id*.

However, courts in this district have found that "[t]he successful completion of a probationary period is one of many requirements of substantial gainful employment, and the Court sees no reason to treat it any differently from any other job requirement which a person seeking to retain employment must be able to perform within the limits of his or her residual functional capacity." *Otto v. Saul*, No. 3:20-cv-60, 2021 WL 115351 at *6 (S.D. Ohio Mar. 24, 2021) (Kemp, M.J.); *accord McAfee v. Comm'r of Soc. Sec.*, No. 3:19-cv-125, 2020 WL 5810004 at *4 (S.D. Ohio Sept. 30, 2020) (Newman, M.J.) (finding the ALJ's non-disability determination unsupported by substantial evidence when the vocational expert testified that the training or probationary period required more social interaction than Plaintiff's RFC limitations). Therefore, contrary to the ALJ's assertion, the vocational experts' testimony that a training period for the identified positions would require more than Plaintiff's mental RFC of occasional interactions with co-workers and supervisors is relevant to whether there are jobs existing in significant numbers in the national economy that Plaintiff can perform.

Furthermore, the undersigned finds *Bassett v. Comm'r of Soc. Sec.* to be analogous to this case. No. 5:24-CV-1600, 2025 WL 798791 (N.D. Ohio Mar. 13, 2025), *report and recommendation adopted,* No. 5:24-CV-01600, 2025 WL 1068013 (N.D. Ohio Apr. 9, 2025). In *Bassett*, the Commissioner filed a motion to remand the case after the plaintiff argued that the ALJ

8

erred by dismissing the vocational expert's testimony that the plaintiff would be precluded from identified jobs because of greater social interaction requirements during a probationary period than accounted for in the ALJ's RFC. *Id*. at *1. The ALJ reasoned that the probationary period was a hiring practice and "not related to the individual's capacity [to work] on a sustained ("regular and continuing") basis" when rejecting the vocational expert testimony. *Id*. at *4. The Commissioner did not defend the ALJ's reasoning, but rather argued for a chance to show on remand that there were jobs that would "have no probationary period or involve no more than occasional interaction with supervisors, or that other jobs with less restrictive probationary periods would be available" to produce a Step 5 analysis supported by substantial evidence. *Id*. at *6. Magistrate Judge James E. Grimes, Jr. recommended that the Commissioner's motion be granted with instructions "to consider the unresolved vocational issues regarding the probationary period," which District Judge John R. Adams adopted in full. *Id*. at *8; *Bassett v. Comm'r of Soc. Sec.*, No. 5:24-CV-01600, 2025 WL 1068013 (N.D. Ohio Apr. 9, 2025).

The Court finds *Bassett* to be well-reasoned and persuasive. Accordingly, where ALJ Tepley's rationale for rejecting the vocational experts' testimony regarding training periods mirrors the ALJ's rationale in *Bassett*, the undersigned concludes this case's resolution should mirror *Bassett's*. Accordingly, for the above reasons, Plaintiff's Statement of Errors is well-taken.[2]

**B.    Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations, and that shortcoming

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

9

prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the vocational experts' testimony regarding training or probationary periods, under the applicable legal criteria mandated by the

10

Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is **VACATED**;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

September 25, 2025                  *s/Peter B. Silvain, Jr.*
                                                         Peter B. Silvain, Jr.
                                                         United States Magistrate Judge